IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson,<br><br>        Plaintiff,<br><br>    v.<br><br>Gurenderjeet Singh Sandhu,<br>Individually and d/b/a Discount<br>Market & Liquor; Pauline<br>Lourence Ranch, L.P.,<br><br>        Defendant.<br>_____ | 2:12-cv-01448-GEB-EFB<br><br><u>ORDER OF DISMISSAL</u> |

        Plaintiff was required to respond to an Order filed September 21, 2012, by either "fil[ing] whatever documents are required to prosecute this case as a default matter as to [Defendant Pauline Lourence Ranch, L.P.], or Show[ing] Cause in a writing filed why this defendant should not be dismissed for failure of prosecution" no later than November 5, 2012. (ECF No. 10.) Plaintiff failed to respond to the September 21, 2012 Order by this deadline. Therefore, the Court considers whether Defendant Pauline Lourence Ranch, L.P. should be dismissed for failure of prosecution.

        When considering whether to dismiss a party for failure to prosecute, a court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public

1

>policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The first and second factors weigh in favor of dismissal in this case since Plaintiff's failure to prosecute has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]").

The third factor concerning the risk of prejudice to Defendant considers the strength of a party's excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43 ("[T]he risk of prejudice [is related] to the plaintiff's reason for defaulting."). Since Plaintiff has provided no reason for his non-compliance, the third factor also favors dismissal.

The fourth factor concerning whether the Court has considered less drastic sanctions, also weighs in favor of dismissal since Plaintiff failed respond to the September 21, 2012 Order despite the warning that Defendant Pauline Lourence Ranch, L.P. could be dismissed with prejudice as a result. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992)("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

The fifth factor concerning the public policy favoring disposition of cases on their merits, weighs against dismissal.

Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.").

Since the balance of the factors strongly favors dismissal of Defendant Pauline Lourence Ranch, L.P. with prejudice, this defendant is dismissed with prejudice.

Further, the status conference scheduled to commence at 9:00 a.m. on March 4, 2013, is vacated since a status (pretrial scheduling) order concerning the remaining parties was previously entered.

Dated:   November 14, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge